TEXAS & P. RY. CO. v. HOLLIDAY et al.

(Circuit Court of Appeals, Fifth Circuit. June 7, 1897.)

TRIAL—INSTRUCTIONS.

Where the whole charge, taken together, does not present such misdirection as could have misled the jury in their application of the charge to the entire proof, there is no ground of reversal, though some parts of the charge may be subject to criticism as separate propositions.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action at law to recover damages for negligently causing death. At the trial in the circuit court a verdict was given for the plaintiff, judgment was entered accordingly, and the defendant has brought the case to this court on writ of error. The facts are sufficiently stated in the charge of the court to the jury, which was in full as follows:

"This is an action brought by Maggie A. Holliday for the benefit of herself and children, named in the petition, against the Texas & Pacific Railway Company, in which the plaintiffs allege that on the 31st day of August, 1894, in the city of Texarkana, Bowie county, Tex., the defendant, through its agents and employés, in the operation of its train and cars at Texarkana, negligently ran an engine of defendant over the person of De Witt C. Holliday, by which he was killed. Suit was brought by Mrs. Holliday as the surviving wife of De Witt C. Holliday, for the benefit of herself and children, alleging that the children were the issue of marriage between herself and the deceased. This action is brought under the state statute which reads as follows, in so far as it relates to this case: 'When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, or hirer of any railroad, steamboat, stage coach or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence or carelessness of their servants or agents;' and then state that an action may be brought therefor. This is not the exact language of the petition, but it is substantially the issue made by the plaintiffs. The defendant answers by a general denial, which places the burden of proof upon the plaintiffs to establish the charge as alleged by a preponderance of the evidence. Defendant further answers specially that De Witt C. Holliday was killed without any fault or negligence upon the part of the defendant, but that said Holliday was guilty of negligence himself, which contributed to his death. In this action there is no dispute that if said Holliday was killed by the defendant through its negligence, uncontributed to by said Holliday, that the plaintiffs could recover, and there is no contention that if said Holliday was guilty of contributory negligence upon his own part, which was the direct cause or contributed to his death, that no recovery could be had. There is no question made that said Holliday was the husband of the plaintiff Maggie A. Holliday, and was the father of the children mentioned in the petition, nor is it disputed that he was killed at the time and place charged, and by being run over by an engine of the defendant. The questions to be decided by you are as follows:

"Was the defendant negligent in the operation of the engine that killed De Witt C. Holliday? Was De Witt C. Holliday himself guilty of negligence that contributed to his death? You are further to decide whether or not both the defendant and De Witt C. Holliday were guilty of negligence which resulted in said Holliday's death. In determining these questions that it was the duty of the defendant to either ring the bell or blow the whistle in approaching Oak street crossing, in order to avoid injury to any one crossing said street. Being in the corporate limits of a city, and where one or more streets should be crossed, and the evidence showing that said defendant was moving its engine from its depot to its roundhouse, a distance less than eighty rods, the state statute would not make it incumbent upon the defendant to ring the bell or blow the whistle continuously, but it would be incumbent upon the defendant to use ordinary care to avoid injury to any one crossing Oak street, which might be by keeping lights at said crossing, ringing the bell or blowing the whistle, as it approached said street; and also, if said Oak street was a place where many people were in the habit of crossing, and might reasonably be expected to be crossing, said street, it might also be necessary to keep a watchman in addition to the other precautions above mentioned. There is no exact definition of the words 'ordinary care.' Its legal meaning is that all reasonable precautions shall be taken to avoid injury, the means to be used, or necessary to be used, depending upon the danger to be apprehended from negligence, and this varies owing to each particular situation. The diligence that might be used at a country crossing, where but few people pass, would be less than that required in crossing a street in a city or town where people were in a habit of frequently passing. But the test, finally, is the taking of all reasonable precautions to avoid danger, that a reasonable prudent person would take under like circumstances. The duty of a person approaching a railroad crossing is that he shall look and listen, use his sense of hearing, and that he shall also use all watchfulness that a reasonable prudent person would use under like circumstances. A person approaching railway crossings has the right to expect that a railway company will give such signals of an approaching train as the law requires,

and if, relying upon this, he attempts to cross the tracks and is injured by reason of the failure of the employés of the railway company to give such signals, then he is entitled to recover, unless you find from the evidence that in attempting to cross the railroad track the person injured failed to exercise such care as an ordinary prudent person would have exercised under similar circumstances. Upon the issue of contributory negligence, the burden of proof is upon the defendant to show that De Witt C. Holliday was negligent, and that this negligence contributed to his injury; and it will not be presumed, without evidence, that deceased did not exercise proper care in attempting to cross defendant's track at the time of the injury, but you are instructed that such negligence need not be proven by any eyewitness, as to whether he was looking or not, or exercising proper care, but may be proven by all the circumstances surrounding the parties at the time of the accident. If the jury find that there is no evidence to show whether De Witt C. Holliday did or did not look and listen for approaching engines, cars, and trains when about to cross the defendant's track where he was killed, in that event the law would presume that he did so look and listen when about to cross said track. If you find from the evidence that an ordinance of the city of Texarkana, Tex., was in force at the time deceased, Holliday, was killed, requiring the defendant, in connection with the St. Louis, Arkansas & Texas Railway Company, to keep and maintain a watchman during all hours of the day and night, at the intersection of Oak street with said railways, within the limits of Texarkana, and that said ordinance further required said railways to maintain an electric arc light at the intersection of said Oak street with said railways, and you further find that said railway companies failed to keep a watchman, as required, or failed to erect and maintain such electric arc light, at the intersection of said Oak street with said railways, as provided by said ordinance, and that no watchman was kept, or that no electric light was maintained, as provided by said ordinance, at the time De Witt C. Holliday was killed, in that event the law authorizes you to infer negligence on the part of the defendant railway company. Therefore you are instructed that if from the evidence in this case you find that De Witt C. Holliday was killed by the defendant, and that such death was the result of negligence on the part of the defendant, and was not contributed to by the deceased, Holliday, you will find for the plaintiffs against the defendant damages as hereinafter instructed, not to exceed the amount claimed in the petition, to wit, $20,000; but if you find that said Holliday was killed by the defendant, and that said Holliday was negligent, as above defined, and that his negligence contributed to his death, in that event the plaintiffs cannot recover, even if the defendant was negligent, or if both were negligent and his death was the result of the concurring negligence; in that event, plaintiffs cannot recover, and you will find for defendant.

"In determining the question as to whether the defendant was negligent or not, you are to take into consideration all the evidence offered in this case. In determining the question as to whether De Witt C. Holliday was negligent, you are likewise to consider all the testimony offered in this case affecting his knowledge of the use of said yards, the passage of trains, and the dangers to be apprehended in crossing the same; also that it was dark, and to use reasonable care under the circumstances; or if you find from the evidence that De Witt C. Holliday was standing near the track upon which he was afterwards killed, and after the engine had approached him so closely that it could not be stopped, and he unthoughtedly or intentionally stepped upon the track, and was killed, in that case the plaintiffs could not recover. The measure of damages in this case, if you find for the plaintiffs, would be in such sums of money as a present payment in cash would fairly and reasonably compensate them for the loss of De Witt C. Holliday; but in that connection you are instructed that no recovery can be had for mental anguish or the loss of his association, but it is based purely upon the amount of money that he would have probably earned during the remainder of his life, taking into consideration his age, and you will not consider any other element of damages."

The first assignment of error was to the refusal of the court to direct a verdict for defendant. The other assignments were as follows:

"Second assignment of error: The court erred in its main charge in giving the following: 'If the jury find that there is no evidence to show whether De Witt C. Holliday did or did not look and listen for approaching engines, cars, and trains when about to cross the defendant's track, where he was killed, in that event the law would presume that he did so look and listen when about to cross the track,'—because the same is not applicable to the evidence. and the law presumes nothing, and the charge was misleading to the jury, as there were eyewitnesses to the killing, as shown by the evidence, and it was the duty of the court to charge the law on the evidence, and not to instruct the jury to inquire if there was or was not any evidence on any particular issue or phase of the case.

"Third assignment of error: The court erred in its main charge to the jury. as follows: 'If you find from the evidence that an ordinance of the city of Texarkana, Tex., was in force at the time deceased, Holliday, was killed, required the defendant, in connection with the St. Louis, Arkansas & Texas Railway Company, to keep and maintain a watchman, during all hours of the day and night, at the intersection of Oak street with said railways, within the limits of Texarkana, and that said ordinance further required said railways to maintain an electric arc light at the intersection of the said Oak street with said railways, and you further find that said railway company failed to keep a watchman as required, or failed to erect and maintain such electric arc light at the intersection of said Oak street with said railways, as provided by said ordinance, and that no watchman was kept, or that no electric light was maintained, as provided by said ordinance, at the time De Witt C. Holliday was killed, in that event the law authorizes you to infer negligence on the part of the defendant railway company,'—because such failures, upon which there was a conflict in the evidence, were only circumstances from which, on the whole case, the jury might infer negligence, and the same was too broad and misleading to the jury.

"Fourth assignment of error: The court erred in refusing to give the following special instructions to the jury: (2) 'If you believe from the evidence that the deceased, De Witt C. Holliday, stopped north of track No. 24, in the yards at Texarkana, and waited for the train to back up said track with cars, and that as the engine passed or cleared Oak street crossing pushing said cars, that then the deceased walked to track No. 23 or 21, on which he was killed. and that just as he stepped on said track the tender of the engine No. 48 was in close proximity to him, and almost instantly killed him, you will find for the defendant company, even though there was no electric arc light burning, and no bell was being rung on the engine, and no whistle had been sounded by it, and no watchman was on duty at the time of night when Mr. Holliday was killed,'—because this is the law applicable to this case, and should have been given by the court.

"Fifth assignment of error: The court erred in refusing to give the following special charge: (3) 'If you believe from the evidence that the deceased, De Witt C. Holliday, was well acquainted with the yards, and the operations of trains therein, and that it was dark at the time of the accident in which he lost his life, then a higher degree of care than ordinary devolved on him to look out for his safety, and the plaintiffs have the burden to establish, by proof, that he was exercising such high degree of care when he stepped upon the track just before he was killed,'—because the deceased's knowledge of the yards, operating of trains, and familiarity with the surroundings required him to be constantly on the lookout for danger, and, knowing the yards to be dangerous, should have exercised a higher degree of care for his own safety than would be required of a stranger, or one not so well acquainted therewith.

"Sixth assignment of error: The court erred in refusing to give the following special charge: (4) 'If you find from the evidence that the deceased by his acts in stepping on the track in close proximity to the engine and tender which killed him, without looking or listening before he stepped on said track for approaching engines and trains, was guilty of contributory negligence,—that is, that his said act put in motion a train of causes which led to his death,—you will find for the defendant.' The refusal to give this special charge was error, because the act of the deceased in so stepping upon the track was contributory negligence, and the accident could not have been avoided if the engineer had

seen him, and the defendant owed him no duty until the engineer had knowledge of his perilous condition.

"Seventh assignment of error: The court erred in refusing to give the following special charge: (5) 'If you believe from the evidence that the deceased went upon the track at the Oak street crossing, the duties of the deceased and the defendant were mutual and reciprocal, and the deceased did not forfeit all right of protection by going on the track, yet the plaintiffs could not recover unless they prove that the operatives in charge of said engine could have stopped the engine, and avoided the accident after they had observed him on the track in a place of danger.' The refusal of the court to give this special charge was error, because the deceased was constantly at work in the yards, and familiar with the environment, and not expected by railway operatives to step directly in front of a moving tender, and the defendant owed him no duty until its operatives observed him in a place of danger, or knew him to be in peril.

"Eighth assignment of error: The court erred in refusing to give the following special charge: (6) 'If you find from the evidence that Orland Holliday 'is twenty-two years of age, you will find against him in your verdict, even if you should find for the rest of the plaintiffs.' The court erred in refusing to give this special charge, because the undisputed evidence showed that Orland Holliday was over twenty-one years of age at the time of the trial, and the suit being brought by his mother for herself and her minor children, he being then a minor."

T. J. Freeman and W. T. Armistead, for plaintiff in error.

Oscar D. Scott, Paul Jones, and Sam S. Solinski, for defendants in error.

Before WHITE, Circuit Justice, McCORMICK, Circuit Judge, and NEWMAN, District Judge.

PER CURIAM. The paragraphs of the general charge to which exceptions were taken and on which error is assigned, considered as separate propositions, may be somewhat subject to criticism and require qualification; but considered in their relation to the whole charge, and to all the proof in the case, they do not present such misdirection to the jury as did or could have misled them in their application of the whole charge to the whole proof. The charges requested and refused, as far as they were sound and not calculated to mislead by giving undue prominence to certain features of the proof, are sufficiently embraced in the general charge of the court. Upon a full consideration of the whole case, we are satisfied that it was fairly submitted to the jury under sufficient and proper instructions, and that the judgment of the circuit court should be, and it is, affirmed.